Emil Kraiser, Jr., Appellant *v.* Zoning Hearing Board of Horsham Township, Appellee.

Argued April 4, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, CRAIG and MACPHAIL.  Judges MENCER and DISALLE did not participate.

*Donald A. Semisch,* with him *Semisch & Grau,* for appellant.

*Paul D. North,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 30, 1979:

The Zoning Hearing Board of Horsham Township (Board) refused a variance to Emil Kraiser, Jr., for the construction of a duplex residential dwelling in an area zoned FP—Flood Plain Conservation District. The Montgomery County Court of Common Pleas affirmed and, because there is no error in evidence or law, we do likewise.

Kraiser purchased a property which at the time was zoned R-5 Residential and permitted the proposed construction. Afterwards, the Township, by ordinance, rezoned the tract and established a Flood Plain Conservation District. The proposed construction is specifically forbidden in a Flood Plain Conservation District.

In a zoning case where the court below has not taken additional evidence, our scope of review is limited to whether the Board on the basis of the record then made abused its discretion or erred in law. *Holmes v. Zoning Hearing Board of Kennett Township,* 39 Pa. Commonwealth Ct. 447, 396 A.2d 859 (1978).

Section 912 of The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912, provides that an applicant for a variance must establish: (1) that there are unique physical circumstances peculiar to the particular property and that the unnecessary hardship is due to such condition; (2) that the property cannot be developed in strict conformity with the provisions of the zoning ordinance; (3) that such unnecessary hardship has not been created by the applicant; (4) that the variance will not be detrimental to the public welfare and (5) that the variance will represent the minimum variance that will afford relief. In addition to these statutory mandates, variances are to be granted sparingly and only in exceptional circumstances. A peculiar economic hardship personal to the applicant is not sufficient. *Levin v. Zoning Hearing Board of Township of Radnor*, 11 Pa. Commonwealth Ct. 452, 314 A.2d 579 (1974).

Because the Board concluded that Kraiser failed to carry the burden of showing that the proposed use would not constitute a danger to the immediate neighborhood, we restrict our inquiry to consideration of whether the Board properly found the use constitutes a hazard to the health, safety and welfare of the surrounding community.

The pertinent evidence before the Board from which it drew its findings follows. Kraiser presented a licensed professional engineer. The Township also presented an engineer. It was established that past inundation of this tract and surrounding property had caused property damage. Kraiser's engineer agreed that the 236-feet 100-year flood level[1] would complete-

---

[1] A flood frequency of 100 years does not mean that a flood of such a magnitude will happen only once in 100 years. What it does mean is that an analysis of the available hydrologic data indicates that the chances that a flood will occur in any particular year are

ly cover the highest level of the surveyed fill[2] but opined that a securely built structure would cause negligible damage to surrounding watershed properties. The Board, however, found factually that the first-floor level of the proposed duplex would be at the 238-feet topographical line, thus forcing the surplus water onto the adjacent area.

We find in the record substantial evidence of flooding and drainage problems to support the conclusions of the Board and the trial court that a variance in these circumstances would be harmful to the community. Moreover, it can be properly concluded that building on the flood plain would increase flood height and conceivably increase the hazard to the inhabitants of other buildings both on and away from the zoned areas. The zoning ordinance strikes a satisfactory balance between a property owner's interest in developing his property as he wishes and the duty of the Board to regulate development of flood-prone land.

Kraiser's puzzlement is understandable. If he complies with the permitted conditional uses under the Flood Plain Ordinance, he finds himself for all practical purposes stuck with a useless property. But in the interest of all the residents, he must suffer along with other property owners who are likewise affected by the ordinance.

Accordingly, we

### ORDER

AND Now, this 30th day of August, 1979, the order of the Court of Common Pleas of Montgomery County, dated July 24, 1978, is hereby affirmed.

---

100 to one. The chances in each year are the same no matter whether the previous flood of such a magnitude occurred last year or 100 years ago. *See* Benchert, *Zoning in the Flood Plain*, 49 A.B.A.J. 258, n. 2 (1963).

[2] The present grade of the property varies 231½ feet to 235½ feet.