Emil Kraiser, Jr., Appellant *v.* Horsham Township, Appellee.

Argued June 10, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*David P. Grau, Semisch & Grau,* for appellant.

*Marc D. Jonas, Hamburg, Rubin, Mullin & Maxwell,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., February 10, 1983:

Emil Kraiser, Jr., has appealed from an order of the Court of Common Pleas of Montgomery County dismissing his petition for the appointment of viewers under Section 502(e) of the Eminent Domain Code.[1]

In September of 1971, appellant Kraiser purchased an unimproved parcel of land located along Olive Avenue in Horsham Township, Montgomery County.

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e).

At the time of Kraiser's purchase, the district in which his parcel is located was zoned "R-5," a classification that permitted residential structures, including duplexes. On May 7, 1974, Horsham Township (Township) enacted an ordinance that established a Flood Plain Conservation District (Flood Plain District). The 1974 enactment, which amended the Township's existing zoning ordinance, prohibited structures and buildings in the Flood Plain District; although, certain agrarian uses were permitted. By force of the 1974 enactment, Kraiser's property was included in the Flood Plain District.

In June 1976, Kraiser applied to the Zoning Hearing Board of Horsham Township for a *variance*, to permit the erection of a duplex on his property. That application was denied, and we affirmed the decision. *Kraiser v. Zoning Hearing Board of Horsham Township*, 45 Pa. Commonwealth Ct. 277, 406 A.2d 577 (1979).

On August 6, 1980, Mr. Kraiser filed, in the Court of Common Pleas of Montgomery County, a petition for the appointment of viewers under Section 502(e) of the Eminent Domain Code (Code). In that petition, Kraiser asserted that the Township's flood plain ordinance, by prohibiting the use of his land for residential construction, worked a de facto taking of the property. He claimed $72,000 as the amount of just compensation. On August 7, 1980, the Court of Common Pleas, pursuant to Section 504 of the Code,[2] entered an order appointing viewers. The Township responded to the court's order by filing preliminary objections to Kraiser's petition. The preliminary objections were filed on August 22, 1980, and asserted only that Kraiser's petition *did not state a cause of action*.[3]

---

[2] 26 P.S. §1-504.

[3] On August 26, 1980, Kraiser filed an answer to the preliminary objections. However, the answer raised no material issue of fact.

On February 20, 1981, after hearing argument on the matter, the trial court entered an order stating that the Township's preliminary objections were sustained and that the petition for viewers was dismissed. However, in so ordering, the trial court did not address the Township's contention that Kraiser had not set forth a cause of action. Instead, the court concluded that Kraiser's claim was barred by a six-year statute of limitations. The court so concluded even though the statute of limitations issue had not been raised in the Township's written preliminary objections and was raised for the first time at oral argument.

In concluding that the appellant's claim was barred by the lapse of time, the trial court relied on the six-year statute of limitations dictated by Section 5527(4) of the Judicial Code, 42 Pa. C. S. §5527(4). The appellant, Kraiser, argues that the governing period of limitation on his claim is the twenty-one year period set forth in Section 5530(a)(3) of the Judicial Code, 42 Pa. C. S. §5530(a)(3). Kraiser also asserts that the Township did not raise the statute of limitations issue in a timely manner, and that, thus, the trial court had no legal power to decide the case on the basis of that issue.[4]

We need not consider the parties' controversy about what is the applicable statute of limitations; nor need we consider whether the statute of limitations issue was properly before the trial court. In our view, this case is governed by our decision in *Gaebel v. Thornbury Township*, 8 Pa. Commonwealth Ct. 399, 303 A.2d 57 (1973), and by our more recent decision in *Wyoming Borough v. Wyco Realty Co.*, 64 Pa. Commonwealth Ct. 459, 440 A.2d 696 (1982).

---

[4] That argument is based on Section 504 of the Eminent Domain Code, which, in part, provides that any objection to the appointment of viewers not theretofore waived may be raised by preliminary objections filed within twenty days after notice of the appointment has been received.

In *Gaebel*, we held that where a landowner asserts that a zoning change confiscates his property or unduly restricts its use, the owner's remedy is not a claim for damages under the Eminent Domain Code, but rather a challenge, under the Pennsylvania Municipalities Planning Code, to the substantive validity of the zoning ordinance in question.[5] The *Wyco Realty* case stands for the same proposition. In both *Gaebel* and *Wyco Realty*, a claim for eminent domain damages was asserted because of the restrictive impact of a flood plain regulation on the use of property. Given those two cases, we must conclude that the instant appellant, Kraiser, failed to state a cause of action under the Eminent Domain Code; therefore, the Township's preliminary objection on that ground was clearly sustainable, and afforded a basis in law for dismissing Kraiser's petition for viewers.

Although the trial court, in dismissing the petition, relied on a ground different from the one mentioned above, that fact is of no moment. We may affirm the decision of a trial court if the result is correct on any ground, without regard to the ground the trial court itself relied upon. *E.J. McAleer & Co., Inc. v. Iceland Products, Inc.*, 475 Pa. 610, 381 A.2d 441 (1977); *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955). Because the Township was correct in its initial demurrer to Kraiser's petition, we, on that basis, affirm the trial court's order.

---

[5] For purposes of the instant appeal, *Mr. Kraiser* has adopted the position that the Township's flood plain ordinance *is* a valid exercise of the police power, and that the ordinance is designed to promote the public health, safety and welfare. It is difficult to see how such a concession could benefit the appellant's interests. Under the controlling legal principle, a valid exercise of the police power generates no liability for eminent domain damages. *White's Appeal*, 287 Pa. 259, 134 A. 409 (1926). And, if the ordinance is valid, Mr. Kraiser's prospects for relief from its operation are not improved.

### ORDER

AND Now, the 10th day of February, 1983, the order of the Court of Common Pleas of Montgomery County, dated February 20, 1981, at No. 80-13671, is affirmed.