598 A.2d 352

In re Condemnation by Solebury Township, Bucks County, Pennsylvania of Approximately 100 Acres of Land in Solebury Township, Property of Richard K. Doyle, Arthur W. Doyle, Jr. et al.

Appeal of Richard K. DOYLE, Arthur W. Doyle, Sidney T. Yates and PKF Mark III, Inc. Profit Sharing Plan, Co–Partners, t/a Kings Woods Associates, a Pennsylvania General Partnership, Appellants.

Commonwealth Court of Pennsylvania.

Argued June 14, 1991.

Decided Oct. 10, 1991.

William F. Schroeder, for appellants.

Stephen B. Harris, for appellee.

Before CRAIG, President Judge, COLINS, J., and NARICK, Senior Judge.

COLINS, Judge.

Richard K. Doyle, Arthur W. Doyle, Sidney T. Yates and PKF Mark III, Inc. Profit Sharing Plan, Co–Partners, t/a Kings Woods Associates, a Pennsylvania General Partnership (appellants) appeal from an order of the Court of Common Pleas of Bucks County sustaining the preliminary objections filed by Solebury Township and denying appellants' motion for appointment of a board of view. We will affirm.

Appellants are the owners of a 144 acre tract of land, 44 acres of which are located in New Hope borough and 100 acres of which are located in Solebury Township. Appellants applied for and received subdivision approval for the 44 acres in New Hope borough to construct 32 single family homes. Similarly, appellants applied, on April 1, 1987, to Solebury Township (the Township) for approval of prelimi-

nary subdivision plans to construct 59 single family detached dwellings on the 100 acres therein, the subject of this dispute. In conjunction with this application, appellants requested that the Township approve a revision to its Act 537 Sewage Facilities Plan (Act 537 Plan) to permit the proposed subdivision to be served by public sewers from New Hope borough rather than by on-site sewage disposal. The Act 537 Plan was adopted by the Township pursuant to the Pennsylvania Sewage Facilities Act (Act)[1] and provides only for on-site sewage disposal at this location. Appellants believe that the soils at this site are generally hazardous for on-site sewage systems based upon tests performed by its expert consultants from which they concluded that on-site sewage systems would not be approved for this site.

On June 30, 1987, the Township's Board of Supervisors denied appellants' preliminary subdivision plan for failure to comply in numerous areas with the Township's Subdivision and Land Development Ordinance (ordinance). In addition, on May 21, 1987, the Township denied appellants' request to approve a revision to its Act 537 Plan.

On July 30, 1987, appellants, pursuant to the provisions of the Pennsylvania Municipalities Planning Code (MPC),[2] appealed to the Court of Common Pleas of Bucks County from the decision of the Board of Supervisors denying their preliminary subdivision plans. In addition, appellants filed a private request with the Pennsylvania Department of Environmental Resources (DER) in accordance with Section 5 of the Act, 35 P.S. § 750.5, challenging the Township's denial of the requested revision to the Act 537 Plan. To this Court's knowledge, both of these matters are still pending.

Nevertheless, on October 8, 1987, appellants filed a petition for the appointment of a board of view pursuant to

1. Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §§ 750.1–750.20a.
2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

Section 502(e) of the Eminent Domain Code,[3] alleging that because the Township refused to amend its Act 537 Plan to allow public sewage disposal on the subject premises, the Township had effected an inverse condemnation on appellants' land. On October 27, 1987, the Township filed preliminary objections to the petition on grounds that the condemnation action was improper while the appeal of the Township's denial of the subdivision was still pending.

On August 29, 1990, Common Pleas sustained the Township's preliminary objections and denied appellants' petition for appointment of a board of view. This appeal followed. On October 9, 1990, Common Pleas issued a brief opinion pursuant to Pa.R.A.P.1925, opining that its August 29, 1990 order was interlocutory and that, therefore, we should quash the instant appeal. In response to this Court's order of December 13, 1990, Common Pleas issued a supplemental opinion, dated December 31, 1990, in which it found that appellants failed to meet their burden of proving that an inverse condemnation had occurred. In addition, Common Pleas concluded that the petition for a board of view was premature inasmuch as appellants' appeals to Common Pleas and DER are still pending.

On appeal, the following issues are presented for our review: (1) whether Common Pleas erred in its assertion that the subject order is not a final appealable order; (2) whether the allegations set forth in appellants' petition for a board of view, taken as true, establish a de facto condemnation of their property; and (3) whether the allegations set forth in the petition are supported by the record in this matter. Where, as here, Common Pleas has sustained preliminary objections to a petition for appointment of viewers, our scope of review is limited to determining whether the findings are supported by competent evidence or whether an error of law has been committed. *Merrick Appeal*, 68 Pa.Commonwealth Ct. 506, 449 A.2d 820 (1982).

3. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. § 1–502(e).

■ Initially, we note that contrary to Common Pleas' belief, the subject order is a final and appealable order. *See City of Pittsburgh v. Haffner*, 80 Pa.Commonwealth Ct. 53, 471 A.2d 116 (1984). As such, this matter is properly before us for disposition.

Although not set apart as a separate issue, appellants allege in their brief that Common Pleas erred in finding that the petition for a board of view was premature. In *Merlin v. Commonwealth*, 72 Pa.Commonwealth Ct. 45, 455 A.2d 789 (1983), we held that where a landowner asserts that a change in zoning has effected a taking of his property or has unduly restricted his use of the property, he must challenge the substantive validity of the zoning ordinance under the provisions of the MPC and cannot pursue damages under the Eminent Domain Code.[4]  *See also Kraiser v. Horsham Township*, 72 Pa.Commonwealth Ct. 16, 455 A.2d 782 (1983), *Wyoming Borough v. Wyco Realty Company*, 64 Pa.Commonwealth Ct. 459, 440 A.2d 696 (1982), and *Gaebel v. Thornbury Township*, 8 Pa.Commonwealth Ct. 399, 303 A.2d 57 (1973).

Appellants argue that these cases have been effectively overruled by the United States Supreme Court's holding in *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). They maintain that even though there has been no final disposition of the matters pending before DER and Common Pleas, their inverse condemnation action is proper pursuant to *First English*. Therein, a church campground was destroyed by a flood. In response to the flood, the county adopted an ordinance prohibiting the construction or reconstruction of any buildings in such flood prone areas. The church brought an inverse condemnation suit alleging that it was denied all use of its property. The Supreme Court held that a regulatory taking which denies all use of property, even though temporary in nature, does not differ from a permanent taking in that the condemnee may recover damages for the period during which the

4. 26 P.S. §§ 1–101—1–903.

taking was effective and prior to the regulation being declared unconstitutional. The court stated:

> We merely hold that where the government's activities have already worked a taking of all use of property, no subsequent action by the government can relieve it of the duty to provide compensation for the period during which the taking was effective.... We limit our holding to the facts presented, and *of course do not deal with the quite different questions that would arise in the case of normal delays in obtaining building permits, changes in zoning ordinances, variances, and the like which are not before us.*

*Id.,* 482 U.S. at 321, 107 S.Ct. at 2389 (emphasis added).

■ *First English* is factually inapposite and is not applicable to the situation presented here, where a landowner is denied preliminary approval of a subdivision plan because of noncompliance with an ordinance then in existence and applicable to all subdivision and land development in the Township. This is not a case, as in *First English,* where a newly enacted ordinance deprives a landowner of all use of his land, which he previously enjoyed. Here, statutory remedies exist which allow appellants to obtain review of the Township's decision restricting the development of their land.

We conclude that the ruling in *First English* is not in conflict with our holding in *Gaebel,* as reaffirmed in subsequent cases. Consistent with *Gaebel,* we hold that appellants must first exhaust their remedies under the MPC before they can bring an action for inverse condemnation under the Eminent Domain Code.[5]

Accordingly, Common Pleas' order is affirmed.

## ORDER

AND NOW, this 10th day of October, 1991, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

---

5. In light of our disposition of this matter on procedural grounds, we need not address appellants' remaining issues.