599 A.2d 276

**Hugo V. ODHNER and Eudora Odhner, his wife, Appellants,**

**v.**

**The TOWNSHIP OF WOODWARD, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1991.

Decided Nov. 14, 1991.

Craig P. Miller, for appellants.

Paul J. Ryan, for appellee.

Before CRAIG, President Judge, and KELLEY, J., and BARBIERI, Senior Judge.

CRAIG, President Judge.

Hugo and Eudora Odhner appeal an order by President Judge Brown of the Court of Common Pleas of Clinton County sustaining the preliminary objections of Woodward Township and dismissing the suit for lack of subject matter jurisdiction. We affirm.

The Odhners presently own a mobilehome park located in Woodward Township. The township had enacted a flood control ordinance that requires, in relevant part, that mobilehomes be anchored and elevated at least one-and-one-half feet above the 100–year flood plain, and that no mobilehomes be placed in a designated floodway district or area. Woodward Township Ordinance, chapter 8, §§ 404(3)(A), (B) and (E). Section 404(5) of the ordinance further provides that a builder or landowner may request a variance if compliance with the requirements "would result in an exceptional hardship." The Odhners applied for a variance, which the Woodward Township Zoning Hearing Board denied.

On March 30, 1988, the Odhners filed a petition for appointment of viewers, which they amended after preliminary objections, alleging an inverse condemnation and requesting damages. The township filed preliminary objections to the amended petition, which the trial court sustained because the Odhners failed to allege a taking. Additionally, the trial court, finding that the Odhners alleged a variety of activities by the township for which other relief may be available, granted leave to amend the petition again.

On March 23, 1989, the Odhners filed a second amended petition for appointment of viewers, alleging that the township's conduct constitutes a de facto taking of property, and that the ordinance deprives them of the total use of their land or, alternatively, the total use of a portion of the land and the eventual total loss of use for the entire property. The township responded by filing preliminary objections, asserting that the ordinance and its enforcement does not constitute a taking.

President Judge Brown conducted an evidentiary hearing on the preliminary objections on January 25, 1990, and issued his opinion and order on January 17, 1991. The trial court held that it does not have jurisdiction to hear this matter under the Eminent Domain Code [1] because, pursuant

1. Act of June 22, 1964, Special Sess.P.L. 84, *as amended*, 26 P.S. §§ 1–101 through 1–903.

to the exclusive statutory remedies provided by the Pennsylvania Municipalities Planning Code (MPC),[2] the Odhners can seek to invalidate the ordinance, which they did not do.

The Odhners contend that the effect of the ordinance is a taking of their property; therefore, citing the U.S. Supreme Court case of *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, California,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), they claim entitlement to compensation.

The township asserts that the trial court properly dismissed the case for lack of subject matter jurisdiction because the Odhners sought a variance but did not challenge the validity of the ordinance, and because they also failed to pursue the exclusive statutory remedy of appealing the denial of their requested variance to the court of common pleas within thirty days, as required by MPC § 1002–A,[3] 53 P.S. § 11002–A.

Initially, we note that Pennsylvania courts have long adhered to the principle of § 13 of the Act of March 21, 1806, P.L. 558, 4 Sm.L. 326, 46 P.S. § 156, since repealed but re-codified at 1 Pa.C.S. § 1504, that

> [i]n all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.

Section 1001–A of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11001–A, specifies that "[t]he procedures set forth in this article shall constitute the *exclusive* mode for securing review of any decision rendered pursuant to Article IX or deemed to have been made under this act." (Emphasis added.) Because a municipality's authority to enact its local zoning ordinances is vested by the MPC, any challenge as to the effect of an ordinance

2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101 through 11202.

3. Added by the Act of December 21, 1988, P.L. 1329.

must be raised initially in accordance with the provisions of the MPC.

In *Jacobs v. Fetzer*, 381 Pa. 262, 112 A.2d 356 (1955), a landowner sought a zoning reclassification of his property for the purpose of building two-family houses. The local borough council denied the request, and the landowner filed a complaint in equity alleging zoning discrimination. The trial court granted the relief sought, but the Pennsylvania Supreme Court, applying § 13 of the Act, reversed and dismissed the suit for lack of jurisdiction because the landowner failed to appeal the council's denial to the board of adjustment, as mandated by the borough's zoning ordinance.

In the case of *Gaebel v. Thornbury Township*, 8 Pa.Commonwealth Ct. 399, 303 A.2d 57 (1973), this court resolved a factual situation where a township rezoned a landowners' property from commercial to flood plain. The landowners petitioned under the Eminent Domain Code for an appointment of viewers to ascertain an award of just compensation. The township filed preliminary objections, which the trial court sustained.

On appeal, this court held that there was no cause of action under the Eminent Domain Code because the owners' exclusive recourse was to challenge the validity of the ordinance under the provisions of review established by the MPC. This court further held that remedies under the Eminent Domain Code would be available only when the township, "clothed with a power of condemnation given to it by statute, substantially deprived the [landowners] of the beneficial use and enjoyment of their property by the statutorily provided condemnation procedure, or otherwise." *Id.*, 8 Pa.Commonwealth Ct. at 404, 303 A.2d at 60.

Likewise, in *Kraiser v. Horsham Township*, 72 Pa.Commonwealth Ct. 16, 455 A.2d 782 (1983), this court followed *Gaebel* in affirming a trial court's dismissal of a petition for appointment of viewers, filed under the Eminent Domain Code by a landowner who alleged that the township's flood plain ordinance resulted in a de facto taking of his property.

The Odhners argue that the trial court has jurisdiction to grant their petition because the U.S. Supreme Court ruled in *First English* that the Fifth and Fourteenth Amendments of the United States Constitution require "that a landowner who claims that his property has been 'taken' by a land-use regulation may ... recover damages for the time before it is finally determined that the regulation constitutes a 'taking' of his property." *Id.*, 482 U.S. at 306–07, 107 S.Ct. at 2381.

However, the U.S. Supreme Court has also held that a landowner must obtain a final decision regarding the application and validity of the zoning ordinance before a claim for compensation is ripe for review. *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). The Court, which reversed the Court of Appeals' award of damages resulting from a temporary taking and remanded the case for further proceedings, stated that the landowner must first attempt to obtain relief against the application of the regulation because "the Commission's denial of [subdivision] approval does not conclusively determine whether respondent will be denied all reasonable beneficial use of its property, and therefore is not a final, reviewable decision." *Id.*, 473 U.S. at 194, 105 S.Ct. at 3120.

The Odhners rely upon *McClimans v. Board of Supervisors of Shenango Township*, 107 Pa.Commonwealth Ct. 542, 529 A.2d 562 (1987), to support their proposition that this court has recognized the applicability of *First English* in cases such as the present. In *McClimans*, the court stated that "[i]f the effect of the zoning law or regulation is to deprive a property owner of the lawful use of his property, it amounts to a 'taking,' for which he must be justly compensated." *Id.*, 107 Pa.Commonwealth Ct. at 555, 529 A.2d at 568 (quoting *Cleaver v. Board of Adjustment*, 414 Pa. 367, 372, 200 A.2d 408, 412 (1964) (emphasis omitted)). However, this court did not reach its conclusion until the case was ripe for such disposition, i.e., the landowners exhausted their statutory remedy of filing a request for a

curative amendment (which a board of supervisors denied), and then appealing the adverse decision to the common pleas court.

We recognize that a landowner, subjected to a temporary taking, can be entitled to compensation for the deprivation of the use of the property during the time period which precedes a decision invalidating the regulation, *McClimans*. However, until the landowner has pursued the remedies provided within the MPC to invalidate the ordinance, a compensation claim for the temporary taking is not ripe.

Accordingly, we affirm the decision of the common pleas court.

## ORDER

NOW, November 14, 1991, the order of the Court of Common Pleas of Clinton County, dated January 17, 1991, at 39–88 Misc., is affirmed.