**MILLER AND SON PAVING, INC.**

v.

**PLUMSTEAD TOWNSHIP, BUCKS COUNTY, Pennsylvania, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1996.

Decided June 21, 1996.

Reargument Denied Aug. 23, 1996.

---

Terry W. Clemons, for appellant.

Stephen B. Harris, for appellee.

Before COLINS, President Judge, FLAHERTY, J., and MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

The Board of Supervisors of Plumstead Township (Board) appeals from an order of the Court of Common Pleas of Bucks County (trial court) which overruled the Board's preliminary objections to the petition for ap-

pointment of a board of viewers filed by Miller and Son Paving Incorporated (Miller) pursuant to Section 502(e) of the Eminent Domain Code.[1]

In June, 1988, Miller acquired a 150–acre tract of land in Plumstead Township. The property was zoned R–1, Rural Residential. On the same day Miller acquired the property, it filed an application for a curative amendment, challenging the Plumstead Township Zoning Ordinance (Zoning Ordinance) on the grounds that it failed to make provisions for quarrying, bituminous asphalt plants and ready-mix concrete plants. The Board rejected the proposed amendment on the grounds that quarrying, bituminous asphalt plants and ready-mix concrete plants were permitted in the Limited Industrial District.

Miller appealed to the trial court which determined that the Zoning Ordinance excluded quarrying but denied site-specific relief. Miller then appealed to this Court which affirmed that part of the trial court's order which found that the Zoning Ordinance excluded quarrying but reversed the trial court's determination that Miller was not entitled to site-specific relief.[2] The Court then remanded the case to the trial court to determine whether Miller's use of the property should be approved as to all elements or as to some elements. On remand, the trial court entered an order approving the use of the property as a quarry, bituminous asphalt plant and a ready-mix concrete plant.

On January 21, 1994, Miller filed a petition for appointment of a board of viewers alleging that the Zoning Ordinance unconstitutionally excluded quarrying, which conclusively prevented Miller from mining stone from its property. Miller sought as damages reimbursement for the interest paid on its mortgage, loss of profits due to its inability to quarry on the property and the costs it incurred in the curative amendment proceedings. The Township filed preliminary objections to the petition averring that Miller's claim of a de facto taking was not ripe be-

cause there was no final determination that the Zoning Ordinance unconstitutionally excluded quarrying and that the complaint failed to state a cause of action for a temporary de facto taking.

The trial court overruled the Township's preliminary objections. The trial court found that because Miller was precluded from using the land as a quarry during the period the Zoning Ordinance was being challenged, a compensable temporary de facto taking occurred as a matter of law. The Township now appeals to this Court.

On appeal, the Township argues (1) Miller has not established that a taking has occurred as a matter of law and (2) Miller has not suffered a temporary taking where it was not deprived of all economically beneficial use of its property during the pendency of its curative amendment challenge.

The filing of a petition for the appointment of viewers, when there has been no declaration of taking filed by the condemnor, is specifically authorized by Section 502(e) of the Eminent Domain Code. *Millcreek Township v. N.E.A. Cross Co.,* 152 Pa.Cmwlth. 576, 620 A.2d 558 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 739 (1994). Preliminary objections are the exclusive method under the Eminent Domain Code of raising legal and factual objections to a petition for appointment of viewers which alleges a de facto taking. *Riedel v. County of Allegheny,* 159 Pa.Cmwlth. 583, 633 A.2d 1325 (1993).

When preliminary objections are filed in a de facto taking case, the trial court must determine first whether, as a matter of law, the averments of the petition for the appointment of viewers, taken as true, are sufficient to state a cause of action for a de facto taking. *Department of Transportation v. Mano,* 149 Pa.Cmwlth. 337, 613 A.2d 119 (1992). If the preliminary objections raise an issue of fact, the resolution of which is necessary for determining whether a de facto taking has occurred, the court must hold an

---

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–502(e).

2. *Appeal of Miller and Son Paving, Inc.,* 161 Pa.Cmwlth. 138, 636 A.2d 274 (1993), *petition for allowance of appeal denied,* 538 Pa. 629, 646 A.2d 1182 (1995).

evidentiary hearing. *Millcreek Township, supra.* If the preliminary objections do not raise any such issue of fact, the trial court must simply examine the petition and dismiss the preliminary objections if the averments of the petition are sufficient to establish a de facto taking. *Id.*

Where the trial court has dismissed preliminary objections to a petition for appointment of a board of viewers pursuant to the Code, this Court's scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Faleski v. Department of Transportation,* 159 Pa.Cmwlth. 548, 633 A.2d 1308 (1993).

The Township first argues that a landowner who asserts the invalidity of a zoning ordinance cannot seek damages under the Eminent Domain Code, but has, as his exclusive remedy, a challenge to the substantive validity of the zoning ordinance under the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101—11201.

In *Gaebel v. Thornbury Township,* 8 Pa. Cmwlth. 399, 303 A.2d 57 (1973), the landowners' property was rezoned from commercial to flood plain. They sought damages under the Eminent Domain Code for the effect of a change in zoning classification upon their property. They contended that the amended zoning ordinance took their property without just compensation by severely restricting its use. On appeal, this Court stated that the landowners' "exclusive recourse is to challenge the constitutionality of Thornbury's zoning ordinance under the provisions of review established by the MPC, and they cannot at this time avail themselves of compensation under the provisions of the Eminent Domain Code." *Id.* 303 A.2d at 60. *Accord, Kraiser v. Horsham Township,* 72 Pa.Cmwlth. 16, 455 A.2d 782 (1983); *Wyoming Borough v. Wyco Realty Co.,* 64 Pa. Cmwlth. 459, 440 A.2d 696 (1982).

In 1987, the United States Supreme Court issued its decision in *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). In that case, the Supreme Court held that the Fifth and Fourteenth Amendments of the United States Constitution require that "a landowner who claims that his property has been 'taken' by a land-use regulation may ... recover damages for the time before it is finally determined that the regulation constitutes a 'taking' of his property." *Id.* at 306–7, 107 S.Ct. at 2380–81.

In *McClimans v. Board of Supervisors of Shenango Township (McClimans I),* 107 Pa. Cmwlth.542, 529 A.2d 562 (1987), the landowners argued that the local zoning ordinance prevented them from accessing their coal estate. On appeal, this Court stated that if it can be shown that the extraction of the coal had been conclusively prevented, then the ordinance would be rendered invalid as a taking without just compensation. The Court went on to add, citing *First English,* that if a taking had occurred and the township subsequently amended its ordinance to allow the strip mining, the township would then be required to pay just compensation for the "temporary taking." *See also Odhner v. Township of Woodward,* 143 Pa.Cmwlth. 450, 599 A.2d 276, 279 (1991) ("We recognize that a landowner, subjected to a temporary taking, can be entitled to compensation for the deprivation of the use of the property during the time period which precedes a decision invalidating the regulation."); *Appeal of Doyle,* 142 Pa.Cmwlth. 672, 598 A.2d 352, 354 (1991) ("appellants must first exhaust their remedies under the MPC before they can bring an action for inverse condemnation under the Eminent Domain Code.")

We conclude, based on the Supreme Court decision in *First English* and this Court's cases applying that decision, that Miller is not precluded from bringing an action under the Eminent Domain Code for damages it allegedly suffered during the period of the temporary taking.

The Township next argues that Miller did not suffer a temporary taking of its property during the pendency of its curative amendment challenge because, under *First English,* it was not deprived of all economically beneficial use of its property. The Township contends that numerous uses were permitted in

the R-1 District at the time Miller filed its curative amendment.

 Courts of this Commonwealth have not required a landowner to prove that he or she has been deprived of all beneficial use of the property. To establish a de facto taking, the landowner must establish that there were exceptional circumstances which substantially deprived the property owner of the beneficial use and enjoyment of his or her property. *Appeal of D.R.E. Land Developing, Inc.*, 149 Pa.Cmwlth. 290, 613 A.2d 96 (1992). Whether property owners have been substantially deprived of the beneficial use and enjoyment of their property as a consequence of activities by the alleged condemnor is dependent upon the type of use property owners have made of their property. *Erie Municipal Airport Authority v. Agostini*, 127 Pa.Cmwlth. 360, 561 A.2d 1281 (1989). For purposes of determining whether a de facto taking of property has occurred, the beneficial use of the property includes not only its present use, but also all potential uses, including its highest and best use. *Department of Transportation v. Steppler*, 114 Pa.Cmwlth. 300, 542 A.2d 175 (1988).

 In the case before us, the trial court found that the Zoning Ordinance, "subsequently invalidated, comprised an 'exceptional circumstance' that deprived Miller of the use and enjoyment of the property." (Trial Court Opinion, p. 5.) The trial court also found that "[t]he petition submitted by Miller conclusively established that but for the Township's unconstitutional ordinance, the land would have been mined by Miller." *Id.*

The petition for appointment of viewers submitted by Miller complies with the requirements of Pennsylvania caselaw for the establishment of a de facto taking. We therefore conclude that the trial court did not abuse its discretion or commit an error of law in dismissing the Township's preliminary objections.

The order of the trial court is affirmed.

### ORDER

AND NOW, this 21st day of June, 1996, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.