633 A.2d 1325

In re Condemnation by the County of Allegheny, a Political Subdivision of the Commonwealth of Pennsylvania of Certain Properties in Moon Township, County of Allegheny and Commonwealth of Pennsylvania.

Fred C. RIEDEL and Elizabeth Riedel, husband and wife

v.

COUNTY OF ALLEGHENY, Appellant.

Commonwealth Court of Pennsylvania.

Argued March 4, 1993.

Decided Nov. 10, 1993.

584

Samuel P. Kamin, Asst. County Sol., for appellant.

Sandy W. Scichilone, for appellees.

Before DOYLE and KELLEY, Judges, and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The County of Allegheny (County) appeals from the August 31, 1992 order of the Court of Common Pleas of Allegheny County (trial court). The order was accompanied by a memorandum opinion, and for the reasons stated therein, the trial court dismissed the preliminary objections of the County and directed viewers, to be named by separate order, to "ascertain and assess the damages caused by the *de facto* condemnation in fee simple of the property" of Fred C. Riedel and Elizabeth Riedel (Riedels).

The Riedels are the owners, in fee simple, of a parcel of real estate located at 120 Treeview Drive, Coraopolis, PA 15108. On August 22, 1991, the Riedels filed a petition for the appointment of viewers pursuant to Section 502(e) of the Eminent Domain Code [1] (Code). The Riedels averred that a *de facto* or inverse condemnation [2] of their property had

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. § 1–502(e).

2. "A de facto or inverse condemnation, as opposed to de jure condemnation, involves a situation where a governmental agency, by its conduct, may or may not physically invade property. The owner contends that such conduct impinges on the beneficial use of his property, resulting in a diminution of value for which he seeks compensation."

occurred by the flights of aircraft over their property as the result of the County's operation of Runway 28L/10R at the County's Greater Pittsburgh International Airport (airport); the effective date of such taking being April 18, 1980. In response thereto, on September 11, 1991, the County filed preliminary objections[3] raising a number of legal and factual issues, including a demurrer.

On May 8, 1992, the trial court entered the following order: [P]ursuant to Administrative Order No. 271 of 1990, it is hereby ORDERED that Plaintiffs' reply to Defendants' Preliminary Objections and all depositions regarding the Preliminary Objections be filed no later than June 4, 1992.

On June 4, 1992, the Riedels filed a reply to the preliminary objection of the County stating only, "[t]he factual issues should and will be addressed at trial and should not be the subject matter of preliminary objections" and that legal responsibility lies with the County and not with the federal government as maintained by the County.

The record certified to us reveals that after the June 4, 1992 filing of the Riedels' reply to the preliminary objections of the County, nothing more was done either by the Riedels or the County. Despite the absence of any action by the Riedels or the County, the certified record reveals that the order dated August 31, 1992, the subject of this appeal, was filed of record, together with a "Memorandum In Support Of Orders Of Court," on September 1, 1992. Neither the order of August 31, 1992 nor the "Memorandum" opinion of the trial court

*Stein v. City of Philadelphia,* 125 Pa.Commonwealth Ct. 225, 227, 557 A.2d 1137, 1138 (1989).

3. The filing of preliminary objections is the exclusive method under the Code of raising legal and factual objections to a petition for the appointment of viewers which alleges a *de facto* taking. 26 P.S. § 1–406; *Holmes Protection of Pittsburgh, Inc. v. Port Authority of Allegheny County,* 90 Pa.Commonwealth Ct. 342, 495 A.2d 630 (1985). Preliminary objections in *de facto* taking cases serve a broader purpose than the ordinary preliminary objections. *Stein,* 125 Pa.Commonwealth Ct. at 230, 557 A.2d at 1140 (1989); *see also Hall v. Middletown Township Delaware County Sewer Authority,* 75 Pa.Commonwealth Ct. 181, 461 A.2d 899 (1983) (the role of preliminary objections in eminent domain cases is not prescribed by the Pennsylvania Rules of Civil Procedure.)

demonstrates what initiated the trial court's action, or that the trial court gave any notice to either the Riedels or the County that it was going to undertake any action on the pending matter, particularly the rendering of a determination of liability for damages for a *de facto* taking of the Riedels property.[4]

In its "Memorandum" opinion, the trial court, after disposing of certain deficiencies alleged by the County in Riedels' petition for appointment of viewers, next wrote:

We are left then only with the previously discussed question: whether the Court may rule on the remaining Preliminary Objections (which basically assert that there was no *de facto* taking) where neither party has filed any depositions regarding whether or not there was a *de facto* taking. Traditionally, a moving party "goes first" in our Court. If the moving party does not appear, he loses, not because of the merits but for failure to proceed. The County, as objectant, is the "moving party" in this proceeding dealing with its Preliminary Objections. By taking no deposition despite the local rules as previously described and despite the Order of this Court, the Defendant–Condemnor has waived its right to an evidentiary hearing and has conceded, by its inaction, the allegation of the Petition that the County, by its airport's operation of the Runway 28L/10R, has taken the subject properties in fee simple, i.e. completely. The only question left is for the viewers to decide the just compensation due and owing as a result of the complete taking.

An order of court at Administrative Docket No. 271 of 1990 of the trial court (Administrative Order), entitled "In Re: Procedure For Preliminary Objections", after setting forth the requirement for a brief and proposed order of court to be filed with preliminary objections in paragraph 2, then provides in 2(a) as follows:

(a) The sole exception to requirement of a brief contained in paragraph 2 is that no brief shall be required for preliminary objections filed pursuant to the Eminent Domain Code.

---

**4.** The lack of notice of the trial court's action was not raised by the County.

Such preliminary objections shall be handled in the following manner.

(1) Testimony on any disputed issues of fact shall be taken by deposition. Said depositions will be taken within sixty (60) days of the date of filing of the preliminary objections, unless this time is extended by written agreement of counsel, or Order of Court.

(2) The preliminary objections and depositions shall be reviewed by the motions judge before whom the preliminary objections were originally filed. That judge shall render a decision based on the preliminary objections, any response thereto, and the depositions. No evidentiary hearing will be held.[5]

Clearly there is nothing in the Administrative Order authorizing the unilateral action of the trial court.

The County asserts that the trial court erred as a matter of law when it determined that when no depositions were filed and no other evidence was presented, the County, and not the landowner, had the burden of proof in a *de facto* taking case.[6] The essence of the County's argument is that the trial court erred in concluding that the County had the burden of establishing that a *de facto* taking did not occur. We agree.

Neither the Administrative Order nor the Code[7] provides who has the burden of proof to establish a *de facto* taking as between the owner of the property allegedly inversely condemned and the authority with the power of condemnation whom it is alleged committed acts which resulted in an

5. We interpret this last sentence to mean that no "in-court" evidentiary hearing will be held.

6. Where, as here, the trial court has dismissed preliminary objections to petition for appointment of viewers, this Court's standard of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *McGaffic v. Redevelopment Authority of City of New Castle*, 120 Pa.Commonwealth Ct. 199, 548 A.2d 653 (1988).

7. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101—1–903.

inverse condemnation. However, it is well established that the burden of proving a *de facto* taking is a heavy one and each case turns on its unique factual matrix. *Darlington v. County of Chester,* 147 Pa.Commonwealth Ct. 177, 607 A.2d 315 (1992); *Carnegie Natural Gas Company v. Braddock,* 142 Pa.Commonwealth Ct. 383, 597 A.2d 285 (1991). In all cases the burden is on the property owner claiming a *de facto* taking to prove a *de facto* taking. *McGaffic,* 120 Pa.Commonwealth Ct. at 204–205, 548 A.2d at 655. In order to establish a *de facto* taking, the property owner must show that there are exceptional circumstances which have substantially deprived him of the beneficial use and enjoyment of his property. *Darlington,* 147 Pa.Commonwealth Ct. at 183–184, 607 A.2d at 318. "This substantial deprivation must be occasioned by the actions of the entity clothed with the power of eminent domain, be caused as a result of the exercise of that power, and the damages sustained by the condemnee must be an immediate, necessary and unavoidable consequence of such exercise." *Id.* Neither the Code nor its progeny of cases suggest that the burden is any different when the matter proceeds via depositions as compared to an evidentiary hearing in-court.[8]

■ The use of depositions to obtain testimonial evidence, in lieu of in-court appearance of witnesses, is for the convenience of the parties, the witness and the court, and is a procedural tool for expediting the disposition of cases. The fact that the use of depositions is embodied in an administrative order and the parties are directed by a formal order of court to proceed to take testimony of witnesses in lieu of an in-court hearing, as herein, does not shift the burden of proof from the party, who has the burden if it were an in-court hearing, to the other party(s).

■ Herein, the Riedels had the burden of proof of establishing the County committed acts constituting an inverse

8. *See Matter of City of Allentown,* 125 Pa.Commonwealth Ct. 290, 557 A.2d 1147 (1989) (landowners in *de facto* taking case were not prejudiced by the trial court's denial of a hearing on the preliminary objections of the City, where the record contained extensive deposition evidence).

condemnation; no such proof is contained in their petition for appointment of viewers. The Riedels' petition for appointment of viewers, alleging a *de facto* taking, consists of five (5) paragraphs,[9] none of which contains a single fact as to what, if anything, the County did that constituted a *de facto* taking; the Riedels are required to come forth with evidence which prima facie constitutes a *de facto* taking before the burden of producing evidence shifts to the County to rebut the Riedels' prima facie case.

The petition for appointment of viewers filed by the Riedels contained no allegations[10] which prima facie raised a *de facto* taking; thus, no shifting to the County to produce

9. The five paragraphs of the petition for appointment of viewers are as follows:

FIRST: At all times pertinent to the within cause of action, the Petitioners were the owners in fee simple of a certain parcel of real estate situate in Moon Township, County of Allegheny and Commonwealth of Pennsylvania. Specifically, the property owned by the Petitioners is as follows:

> Fred and Elizabeth Riedel
> 120 Treeview Drive
> Coraopolis, PA 15108

SECOND: The Defendant–Condemnor is the County of Allegheny, a second class County of the Commonwealth of Pennsylvania, organized and existing under the laws of the Commonwealth of Pennsylvania with its Law Department located in the Jones Law Building, Ross Street, Pittsburgh, Pennsylvania.

THIRD: The Defendant–Condemnor has not filed a Declaration of Taking to formally condemn Petitioners' property, but has, nevertheless, effected a taking of the property of the Petitioners–Condemnees by virtue of the acts hereinafter set forth.

FOURTH: The actions of the Defendant–Condemnor herein complained of consist of the flights of aircraft over Petitioners–Condemnors' property as the result of the operation of Runway 28L/10R at Allegheny County's Greater Pittsburgh International Airport.

FIFTH: A de facto taking of your Petitioners–Condemnees' property has resulted from the actions of the Defendant–Condemnor; the effective date thereof being April 18, 1980. Your Petitioners–Condemnees' property has been appropriated and acquired in fee simple absolute title by the Defendant–Condemnor.

R.R. 12a–13a.

10. This is conceded by the Riedels in their June 4, 1992 filed reply to the preliminary objections of the County when they stated "[t]he factual issues should and will be addressed at trial and should not be the subject matter of preliminary objections."

evidence to rebut a *de facto* taking occurred requiring the County or authorizing the trial court to conclude that the County be the first to take deposition testimony.[11] The trial court, under the undisputed facts herein, imposed the burden on the County to disprove a *de facto* taking where there is an absence of any facts of such in the Riedels' petition for appointment of viewers; so doing, the trial court committed an error of law.

Accordingly, we will vacate the order of the trial court and remand for further proceedings.

## ORDER

AND NOW, this 10th day of November, 1993, it is OR-DERED that the order of the Court of Common Pleas of Allegheny County dated August 31, 1992 is vacated and the case is remanded to the trial court to either conduct an evidentiary hearing, in-court or by way of depositions, consistent with this opinion.

Jurisdiction relinquished.

---

11. The term "burden of proof" is used to refer to two distinct burdens—the burden of production and the burden of persuasion; the burden of persuasion never leaves the party on whom it is originally cast, but the burden of production may shift during the course of the proceedings. *See Schmidt v. Paul*, 377 Pa. 377, 105 A.2d 118 (1954); *see also Wilson v. Pennsylvania Railroad Company*, 421 Pa. 419, 219 A.2d 666 (1966) (plaintiff cannot shift to the defendant the burden of the production of evidence the existence of which the plaintiff has failed to establish).