**Larry J. HURLEY, Appellee,**

v.

**Lori L. HURLEY, Appellant.**

Superior Court of Pennsylvania.

Argued May 5, 2000.
Filed June 26, 2000.

William S. Friedlander, Waverly, NY, for appellant.

Gerald A. Kinchy, Sayre, for appellee.

Before CAVANAUGH, STEVENS and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Lori Hurley appeals from the custodial order entered on April 23, 1999, wherein the trial court awarded legal custody of M.H. to Larry Hurley and divided physical custody of M.H. equally between Larry and Lori Hurley. The decisive issue in this case is the burden of proof to be applied by a trial court when defining an initial custodial order after one parent chooses to relocate. We vacate and remand.

¶ 2 This custody dispute arises from Lori Hurley's desire to relocate to Vestal, New York, a forty-minute commute from Larry Hurley's residence in Athens, Pennsylvania. Prior to the trial court's decision, the parties maintained shared physical custody of their child, M.H., pursuant to their own understanding. The trial court awarded legal custody of M.H. to Larry Hurley and physical custody of M.H. shared between Larry and Lori Hurley. Lori Hurley has appealed this order. She raises numerous legal arguments that can be condensed into two categories. First, she argues that the trial court used an incorrect standard to formulate its custodial order. Second, she argues that the trial court reached a factually erroneous result. We need not reach the latter because we find that the trial court erroneously placed the burden of persuasion on Lori Hurley.

¶ 3 "The paramount concern in a child custody case involving the relocation of one or both parents remains the best interests of the child." *McAlister v. McAlister*, 747 A.2d 390, 391 (Pa.Super.2000). We initially find that the trial court appropriately considered the factors in *Gruber v. Gruber*, 400 Pa.Super. 174, 583 A.2d 434 (1990), as part of its overall best interest analysis. *See McAlister*, 747 A.2d at 393. In *Gruber*, our Court set forth certain factors for a trial court to consider when a custody dispute arises from one parent's intent to relocate out of the jurisdiction of the court. *See Gruber*, 583 A.2d at 435 (formulating "the standard to be applied by a trial court in determining under what circumstances a parent who has primary physical custody may relocate outside the jurisdiction of the court"). The *Gruber* Court stated:

In order to decide whether a custodial parent and children shall be permitted to relocate at a geographical distance from a non-custodial parent, a trial court must consider the following factors. First, the court must assess the potential advantages of the proposed move and the likelihood that the move would substantially improve the quality of life

for the custodial parent and the children and is not the result of a momentary whim on the part of the custodial parent. . . . Next, the court must establish the integrity of the motives of both the custodial and non-custodial parent in either seeking the move or seeking to prevent it. . . . Finally, the court must consider the availability of realistic, substitute visitation arrangements which will adequately foster an ongoing relationship between the child and the non-custodial parent.

*Gruber*, 583 A.2d at 439.

■ ¶ 4 Lori Hurley asserts that *Gruber* is inapposite because the parents share physical custody by their own understanding without a court order. We disagree. In *Thomas v. Thomas*, 739 A.2d 206, 209 (Pa.Super.1999)(en banc), our Court held that the *Gruber* analysis is appropriate in shared physical custody cases as part of an overall "best interest of the child" analysis. Moreover, in *Beers v. Beers*, 710 A.2d 1206, 1209 (Pa.Super.1998)(split decision), our Court held that the absence of a primary physical custody order does not impede a *Gruber* inquiry prior to a custody decision. We reiterate that a trial court should consider the *Gruber* factors as part of an overall best interest analysis when formulating an initial custodial order after one parent chooses to relocate out of the court's jurisdiction.

¶ 5 We recognize that the exact language of *Gruber* may create some confusion when there is no pre-existing custodial order. To eliminate such confusion, courts should interpret the *Gruber* factors in the context of relocation of discrete family units. In *Beers*, our Court stated:

Given its place in the context of a best interests determination, the value of *Gruber* lies not so much with the formulation of a novel inquiry concerning the relocation of the primary family unit, but with its insights into why the elements of that inquiry might be critical. Because here there were two, not one, primary family units preceding institution of the custody award, both must be

scrutinized similarly in the examination of competing custodial environments. . . . Indeed, this Court has held that the trial court should be permitted to decide custody before the child is relocated, in order to assure that the custodial parent fulfills his/her responsibility toward the interest of the non-custodial parent in maintaining a relationship with the child.

*Beers*, 710 A.2d at 1209. Thus, *Gruber's* hallmark was not that it offered a novel redesign of the classical best interest analysis but that it provided direction to critical elements of that inquiry. Our Court enunciated this concept in *Gruber*, wherein our Court stated:

While we do not dispute that achieving "the best interests of the child" remains the ultimate objective in resolving all child custody and related matters, we believe that the standard must be given more specific and instructive content to address, in particular, "relocation" disputes. Unless more direction is provided, the trial court is left without adequate guidance and of necessity may decide these cases on impressionistic and intuitive grounds. Such an approach does not do justice to the critical concerns at stake in "relocation" cases nor does it provide for uniform, even-handed, and predictable dispute resolution.

*Gruber*, 583 A.2d at 437.

■ ¶ 6 Having found that the *Gruber* inquiry is relevant to the context of this case, we next reach Lori Hurley's argument that the trial court applied the incorrect legal standard of proof. We agree with her assertion. While the trial court correctly incorporated the factors in *Gruber* as part of its best interest analysis, we hold that the court erred by placing a burden of persuasion on Lori Hurley.

■ ¶ 7 The term "burden of proof" is comprised of two distinct burdens, the burden of production and the burden of persuasion. *See Riedel v. County of Alleghe-*

**1286**

*ny,* 159 Pa.Cmwlth. 583, 633 A.2d 1325, 1329 n. 11 (1993). A burden of production tells the court which party must come forward with evidence to support a particular proposition. *See In re Loudenslager's Estate,* 430 Pa. 33, 240 A.2d 477, 482 (1968) (Roberts, J., dissenting) (distinguishing between the burden of production and the burden of persuasion). A burden of persuasion determines which party must produce sufficient evidence to convince a judge that a fact has been established. *See id.* The burden of persuasion never leaves the party on whom it is originally cast. *See Riedel,* 633 A.2d at 1329 n. 11.

¶ 8 In *Gruber,* our Court set forth the burden of production applicable when one custodial parent seeks to relocate:

When a custodial parent seeks to relocate at a geographical distance and the non-custodial parent challenges the move, the custodial parent has the initial burden of showing that the move is likely to significantly improve the quality of life for that parent and the children. In addition, each parent has the burden of establishing the integrity of his or her motives in either desiring to move or seeking to prevent it. The custodial parent must convince the court that the move is not sought for whimsical or vindictive reasons. Likewise, the non-custodial parent must show that the resistance to the move stems from concern for the children and his or her relationship to them. The court must then consider the third factor discussed above, namely the feasibility of creating substitute visitation arrangements to ensure a continuing, meaningful relationship between the children and the non-custodial parent.

*Gruber,* 583 A.2d at 440. While *Gruber* was designed to assist trial courts in their evidentiary inquiry, *Gruber* did not disturb the burden of persuasion that fell upon both parties and ultimately rested upon the traditional concept of the best interest of the child. *See Gruber,* 583 A.2d at 437 ("Unless more direction is provided, the trial court is left without adequate guidance and of necessity may decide these cases on impressionistic and intuitive grounds.").

¶ 9 The burden of production enunciated in *Gruber* is unwieldy in the context of a scenario where no prior custodial order exists. Neither parent should have a specific legal advantage when a trial court devises an initial custodial order. One parent's intent to relocate is a factor a trial court should consider in rendering a decision but it certainly does not create a burden favoring the parent who does not intend to move. Indeed, our Court has consistently held that prior to the formation of a custodial order, the parents stand on equal footing and the only burden carried by either of them is to establish what is in the best interest of the child. *See Wiseman v. Wall,* 718 A.2d 844, 846 (Pa.Super.1998); *Fisher v. Fisher,* 370 Pa.Super. 87, 535 A.2d 1163, 1165 (1988). Accordingly, prior to an initial custodial order, both parties share the burden of production and persuasion.

¶ 10 In the case *sub judice,* the trial court erred by placing a burden of proof on Lori Hurley. After an analysis under the *Gruber* factors, the court stated that Lori Hurley would not be permitted to relocate with her child absent compelling reasons. The court stated, "[q]uite simply, there are abundant reasons to deny Mother the right to relocate with [M.H.]; there are no compelling reasons to allow Mother to relocate with [M.H.]" Trial Court Opinion, 4/23/99, at 15. The court concluded by stating, "because Mother has not demonstrated that [M.H.'s] life will be substantially improved by moving to Vestal, and because Father is fully capable of caring for [M.H.], legal custody should be awarded to father, with physical custody being divided according to the parties' existing schedules." *Id.* at 16.

¶ 11 In conclusion, in an initial custodial determination after one parent chooses to relocate out of the court's jurisdiction, a trial court should consider the *Gruber* factors as part of an overall best interest analysis. Nevertheless, absent a

pre-existing custodial order, *Gruber* does not place a burden of proof upon either parent. Rather, both parents initially stand on equal ground.

¶ 12 We vacate the trial court order and remand for an additional proceeding wherein the trial court must consider the *Gruber* factors as part of an overall best interest analysis without placing a burden of proof on either party.

¶ 13 **Order vacated; case remanded; jurisdiction relinquished.**