613 A.2d 119

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**George MANO, Sr. and George Mano, Jr., Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1992.

Decided July 21, 1992.

338

Carl Vaccaro, Asst. Counsel, for appellant.

Paul N. Sandler, for appellees.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

The Pennsylvania Department of Transportation (Penn-DOT) appeals the April 4, 1991 order of the Court of Common

Pleas of Philadelphia County (trial court) which dismissed PennDOT's preliminary objections to the petition for appointment of viewers filed by Appellees George Mano, Sr. and George Mano, Jr. (Landowners).

Landowners are tenants of real estate on Walnut Street, Philadelphia, where they own and operate a gas station. In April of 1990, Landowners filed a petition for appointment of viewers pursuant to the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101—1–903. Landowners alleged that a de facto taking of their property had occurred as a result of PennDOT's construction project on Walnut Street and the Walnut Street Bridge in Philadelphia. Landowners averred that PennDOT's construction project permanently interfered with access to Landowners' gas station via the Walnut Street entrance, changed traffic patterns on Walnut Street and caused heavy noise and dirt, all of which resulted in Landowners' substantial loss of business and the beneficial use and enjoyment of their gas station.

PennDOT filed preliminary objections containing three counts. Count One (captioned preliminary objections in the nature of a motion to quash an invalid petition for hearing) consisted of a demurrer. PennDOT averred that its construction project did not produce a de facto taking of Landowners' property because PennDOT never physically took or exercised any control over Landowners' property and the construction project did not deprive Landowners of the beneficial use and enjoyment of their property or place any legal restraint upon Landowners' interest in or use of their property. Additionally, PennDOT averred that business losses (lost profits) are not compensable under the Code. Count Two consisted of a motion for more specific pleading which averred that Landowners had not pled facts showing their property interest in the affected real estate. Count Three consisted of a motion to strike Landowners' petition for nonjoinder of an allegedly necessary party, i.e., the owner of the real estate on which Landowners' gas station is situated.

Landowners filed an answer to PennDOT's preliminary objections and amended their petition to plead a leasehold interest in the affected real estate. Landowners appended a copy of the lease to their amended petition. By an order and a separate, accompanying opinion issued December 5, 1990, the trial court sustained PennDOT's preliminary objections in part and overruled PennDOT's preliminary objections in part. Count Three of PennDOT's preliminary objections was sustained. By an interpleader order, the lessor and owner of the affected real estate, Texaco Refining and Marketing, Inc., was "added to the record as a party plaintiff." Counts One and Two of PennDOT's preliminary objections were overruled on the ground that Landowners had alleged sufficient facts to state a cause of action for a de facto taking and a trial to ascertain the facts would be required.

In response to Landowners' amended petition, PennDOT filed preliminary objections which reiterated the three counts contained in its preliminary objections to Landowners' original petition. With respect to Count Two, PennDOT averred that Landowners had failed to plead their property interest in the affected real estate with sufficient specificity because they had not appended a true and correct copy of their lease for the years of the alleged injury.

Without holding a hearing or otherwise taking evidence, the trial court overruled PennDOT's preliminary objections to Landowners' amended petition by an order issued on April 4, 1991. The April 4 order was not accompanied by an opinion. Presumably, the April 4, 1991 order overruled PennDOT's preliminary objections to Landowners' amended petition for the same reasons that the earlier December 5, 1990 order had overruled PennDOT's preliminary objections to Landowners' original petition, i.e., that Landowners had alleged sufficient facts to state a cause of action for a de facto taking and a trial to ascertain the facts would be required. PennDOT appealed the trial court's order.

On appeal, we are asked to consider whether the

trial court committed an error of law[1] by overruling Penn-
DOT's preliminary objections without first holding an eviden-
tiary hearing to determine whether a de facto taking of
Landowners' property had occurred.

 "It is well settled that preliminary objections are the
exclusive method under the Code of raising legal and factual
objections to a petition for appointment of viewers which
alleges a de facto taking." *Holmes Protection of Pittsburgh,
Inc. v. Port Authority of Allegheny County,* 90 Pa.Common-
wealth Ct. 342, 345, 495 A.2d 630, 632 (1985), *appeal denied,*
519 Pa. 656, 546 A.2d 60 (1988). As explained in *Stein v. City
of Philadelphia,* 125 Pa.Commonwealth Ct. 225, 230, 557 A.2d
1137, 1140 (1989),

> [a] preliminary objection in a de facto taking case serves a
> broader purpose than the ordinary preliminary objections.
> The trial court must determine first whether, as a matter of
> law, the averments of the petition for the appointment of
> viewers, taken as true, in addition to any stipulated facts,
> are sufficient to state a cause of action for a de facto taking.
> If not, the preliminary objections must be sustained and the
> petition dismissed or allowed to be amended. If the aver-
> ments, taken as true, *might* establish a de facto taking, the
> trial court must take evidence by depositions, or otherwise,
> *so that a judicial determination might be made.*

(Emphasis in original.)[2] Consequently, a trial court may not
overrule preliminary objections in a de facto taking case
without first conducting an evidentiary hearing to ascertain
whether a de facto taking occurred. *McGaffic v. Redevelop-
ment Authority of City of New Castle,* 120 Pa.Commonwealth
Ct. 199, 548 A.2d 653 (1988), *appeal denied,* 523 Pa. 644, 645,

1. Our scope of review of a trial court's ruling on preliminary objections
to a petition for appointment of viewers is limited to ascertaining
whether necessary findings are supported by competent evidence or an
error of law was committed by the trial court. *Blackburn Appeal,* 98
Pa.Commonwealth Ct. 346, 511 A.2d 270 (1986).

2. It is the unique purpose of preliminary objections in a de facto taking
case which renders final and appealable a trial court order overruling
preliminary objections to a petition for appointment of viewers. *Rawls
v. Central Bucks Joint School Building Authority,* 8 Pa.Commonwealth
Ct. 491, 303 A.2d 863 (1973).

565 A.2d 1168, 1169 (1989); *Holmes Protection of Pittsburgh, Inc.; Jacobs v. Nether Providence Township,* 6 Pa.Commonwealth Ct. 594, 297 A.2d 550 (1972).

Inasmuch as the trial court recognized that Landowners' amended petition for appointment of viewers contained averments which, if taken as true, might establish a de facto taking of Landowners' property, the trial court should not have overruled PennDOT's preliminary objections without first taking evidence by hearing, deposition, or other manner and making a judicial determination as to whether or not a de facto taking had occurred based on the evidence obtained. Because, prior to overruling PennDOT's preliminary objections, the trial court failed to take evidence and to determine whether a de facto taking had occurred, the trial court's order overruling PennDOT's preliminary objections must be vacated, and this case must be remanded to the trial court for an evidentiary proceeding and a resolution of the de facto taking issue.

## ORDER

AND NOW, July 21, 1992, the order of the Court of Common Pleas of Philadelphia County in the above-captioned case is hereby vacated, and the case is hereby remanded to the Court of Common Pleas of Philadelphia County for the taking of evidence and for a judicial determination as to whether said evidence establishes a de facto taking of the property of George Mano, Sr. and George Mano, Jr.

Jurisdiction is hereby relinquished.