# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Russell D. Dysert and Karen K.   :
Dysert, husband and wife, and   :
Michael Macklin and Lori Macklin,   :
husband and wife, and Joseph Klick   :
and Jayne A. Klick, husband and wife   :
   :
          v.   :  No. 260 C.D. 2019
   :  Argued: February 10, 2020
   :
Robinson Township, Washington   :
County,   :
          Appellant   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE J. ANDREW CROMPTON, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**        **FILED: March 9, 2020**

Robinson Township, Washington County (Township) appeals from an Order of the Court of Common Pleas of Washington County (common pleas) overruling the Township's preliminary objections (POs) to a petition for the appointment of a board of viewers alleging a de facto taking (Petition) filed by Russell D. Dysert and Karen K. Dysert (husband and wife), Michael Macklin and Lori Macklin (husband and wife), and Joseph Klick and Jayne A. Klick (husband and wife)[1] (collectively, Landowners). In its POs, the Township requested common pleas to

---

[1] Joseph Klick and Jayne A. Klick are not participating in this appeal.

dismiss the Petition based upon pendency of a prior action between the parties, legal insufficiency for failure to allege facts establishing a taking, and the claim being barred by the statute of limitations. Common pleas overruled all three objections. Upon review, we affirm in part as to the pendency of a prior action and vacate and remand for a factual hearing as to whether there was a de facto taking and, if so, whether the statute of limitations applies.

## I. Factual Background

Landowners and the Township are involved in two separate actions before common pleas relating to the ownership and status of Rita Drive, the disputed property: a declaratory judgment action and the eminent domain action.

### A. Declaratory Judgment Action

On June 11, 2018, the Township filed with common pleas a complaint for declaratory judgment against Landowners (Declaratory Judgment Action). In its Declaratory Judgment Action, the Township asserted that it has continuously maintained Rita Drive in excess of 21 years and sought an order declaring that Rita Drive is a public road pursuant to Section 2307 of The Second Class Township Code.[2] Section 2307(a) provides:

> [e]very road which has been used for public travel and maintained and kept in repair by the township for a period of at least twenty-one years is a public road having a right-of-way of thirty-three feet even though there is no public record of the laying out or dedication for public use of the road.

---

[2] Act of May 1, 1933, P.L. 103, *as amended*, added by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67307.

53 P.S. § 67307(a). The Township alleged that Rita Drive is, and always has been, a public road that the Township has maintained, despite Landowners' recent representations to the Township otherwise. (Declaratory Judgment Action Complaint (Compl.) ¶¶ 4, 16.) The Township sought common pleas to enter a judgment "confirming that Rita Drive is a public road in accordance with [T]he Second Class Township Code, 53 P.S. § 67307." (*Id.*, Wherefore Clause.)

## B. Petition

While the Declaratory Judgment Action was pending, Landowners filed the Petition on August 6, 2018, requesting common pleas to appoint a board of viewers to determine whether the Township had effectuated a de facto taking of Rita Drive and, if so, to determine just compensation. Landowners averred in the Petition as follows. The Dyserts own land that Rita Drive bifurcates, the Macklins own property north of Rita Drive and rely upon Rita Drive for access to a public right-of-way, and the Klicks also own property to the north of Rita Drive. (Petition ¶¶ 1, 3, 6-7, 9-10.) There is no public record of dedicating Rita Drive for public use, there was no formal vote for such purpose, and there has never been an exercise of de jure power of eminent domain with regard to Rita Drive. Rather, "Rita Drive is a dead-end cart[ ]path[,] the sole function of which is to provide exclusive access to a public right-of-way" for the surrounding properties. (*Id.* ¶ 17.) Rita Drive has never been opened to or used by the public, which divested the Township of any right it may have had to use Rita Drive as a public road. Rita Drive is currently 11-feet-wide. However, Section 2307 necessitates that the road be 33-feet-wide if it is declared a public road. Although the Township has alleged in its Declaratory

3

Judgment Action that it has acquired 33 feet of land comprising Rita Drive, it has never filed a declaration of taking or otherwise acquired title thereto.

Landowners further alleged as follows. The Township's "continuous use, expansion, and improvement" of Rita Drive for "non-residential[] public purposes has destroyed the use and enjoyment of all, or the portion of the alleged 33 [foot] right-of-way within and beyond the existing" Rita Drive, which has resulted in injury and damages to Landowners. (*Id.* ¶ 31.) The Township's actions fall squarely within its eminent domain power. Accordingly, Landowners "seek just compensation for the period of July 1996 to July 2017 in which" the Township appropriated Rita Drive as a public road, "in the event that [common pleas] should determine [in the Declaratory Judgment Action] that Rita Drive became a public road" pursuant to Section 2307. (*Id.* ¶ 37.) Alternatively, if common pleas determines that Rita Drive is not a public road pursuant to Section 2307, Landowners seek "just compensation reflecting a taking in perpetuity . . . resulting from [the Township's] admitted confiscation of" Rita Drive for public use as the Township alleged in its Declaratory Judgment Action. (*Id.* ¶ 38.) Therefore, Landowners requested common pleas appoint a board of viewers to determine "whether a de facto taking has occurred" and, if so, what just compensation was due. (*Id.*, Wherefore Clause (emphasis omitted).) By order dated August 6, 2018, common pleas appointed a board of viewers to "view the premises and to ascertain and assess such damages as [it] may find to have been caused to [Landowners]." (Reproduced Record (R.R.) at 14a.)

4

*C. The Township's POs*

The Township filed a motion to stay the Board of Viewer proceedings and subsequently filed its POs on September 26, 2018, asserting three separate grounds for objection to the Petition: (1) pendency of a prior action; (2) demurrer or legal insufficiency of the Petition; and (3) demurrer based upon the statute of limitations. With regard to the pendency of a prior action, the Township asserted that, pursuant to Rule 1028(a)(6) of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 1028(a)(6), allowing POs to be filed on the grounds of "pendency of a prior action or agreement for alternative dispute resolution," the Petition should be dismissed because the Declaratory Judgment Action then pending before common pleas[3] would have a direct impact on the relief Landowners seek in the Petition. The Township further asserted that the Petition was legally insufficient because Landowners did not allege sufficient facts of their ownership interests or facts to establish a taking, as they do not allege that they are fee simple owners of the land upon which Rita Drive rests but aver that Rita Drive is north of their land or "appears" to bifurcate it. (POs ¶ 17.) Finally, the Township argued that the Petition was legally insufficient because it was filed after the statute of limitations had run. If the Township's actions could be considered a taking, the Township asserted that the six-year statute of limitations for a takings claim began to run on July 8, 1996, when the Township entered onto portions of Rita Drive and paved it. For the foregoing reasons, the Township asserted, the Petition should be dismissed.

---

[3] We take judicial notice that by Opinion and Order dated December 3, 2019, common pleas determined in the Declaratory Judgment Action that all but a portion of Rita Drive is a public road pursuant to Section 2307. *See Lycoming County v. Pa. Labor Relations Bd.*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007) (a court can take judicial notice of judgments and pleadings in other court proceedings, particularly where the proceedings involve the same parties).

5

*D. Common pleas' Order*

The parties briefed the POs and oral argument was held. Upon consideration, common pleas entered the following Order:

> 1. [The Township's PO] relating to the pendency of a prior action is OVERRULED, inasmuch as we believe Pa.R.C.P. No. 1028([a])(6) does not apply to a petition brought under the Eminent Domain Code[4] for appointment of viewers. Even if our view [was] otherwise, we agree with [Landowners'] position that the objection of the pendency of a prior action is not applicable, as the same rights are not asserted and the same relief is not sought in the two actions.
>
> 2. [The Township's PO] relating [to] the legal insufficiency of [Landowners'] pleading, i.e., that there has been no exercise of eminent domain and that no taking has been averred is OVERRULED. We agree with [Landowners'] position that averments of the Petition are sufficient to state a cause of action for a de[]facto taking.
>
> 3. [The Township's PO] relating to the statute of limitations is OVERRULED.

(Order.) The Township appealed and, at common pleas' direction, filed a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), asserting that common pleas erred in overruling the POs and in ruling upon them at all prior to conducting an evidentiary hearing. Common pleas subsequently issued its Rule 1925(a) opinion. Common pleas relied upon its reasoning in the Order to support its determination as to the PO for the pendency of a prior action. With regard to demurrer for legal insufficiency, common pleas explained that the averments were sufficient to state a

---

[4] 26 Pa. C.S. §§ 101-1106.

6

cause of action for a de facto taking, acknowledging "that a hearing is necessary so a judicial determination of whether a taking actually occurred can be made." (Rule 1925(a) Opinion at 1-2 (citing *Friedman v. City of Philadelphia*, 503 A.2d 1110 (Pa. Cmwlth. 1986)).) Finally, with regard to the statute of limitations, common pleas stated that it agreed with Landowners that the statute of limitations began to run in June 2017 when the Township declared Rita Drive a public road, "or at the latest, when it filed the [D]eclaratory [J]udgment [A]ction." (*Id.* at 2.)[5]

## II. Discussion

### A. *Whether common pleas erred in overruling the PO based on the pendency of a prior action.*[6]

The Township contends that common pleas erred in overruling its PO based on the pending prior Declaratory Judgment Action, arguing as follows.[7] Common pleas should have sustained this PO because the parties are the same, assert the

---

[5] Upon the Township's appeal to this Court, Landowners filed a Motion to Dismiss the appeal for failure to preserve any issues for review, asserting that because the Township filed its POs under the Pennsylvania Rules of Civil Procedure and not the Eminent Domain Code, the Township had waived any issues on appeal. In a single-judge opinion, the Motion to Dismiss was denied "[b]ecause the substance of the Township's [POs] fall within the scope of preliminary objections authorized by the Eminent Domain Code, the references to the Pennsylvania Rules of Civil Procedure are not fatal to the Township's right to appeal," and "[a]rguments regarding whether specific issues raised on appeal were properly preserved for appellate review can be argued along with the merits." *Dysert v. Robinson Township* (Pa. Cmwlth., No. 260 C.D. 2019, filed April 26, 2019), slip op. at 4. In their brief on the merits, Landowners do not pursue this argument further and assert waiver with regard to only one of the Township's arguments. As addressed more fully below, we do not agree that the Township has waived any issues.

[6] We have rearranged the Township's arguments for ease of discussion.

[7] Our review of common pleas' ruling on the Township's POs to the Petition "is limited to ascertaining whether necessary findings are supported by competent evidence or an error of law was committed by [common pleas]." *Dep't of Transp. v. Mano*, 613 A.2d 119, 121 n.1 (Pa. Cmwlth. 1992).

7

same rights as to Rita Drive, and seek the same relief in both actions. If the Petition is able to proceed while the Declaratory Judgment Action is pending, either common pleas will conclude that Rita Drive is not a public road, in which case there is no taking, or common pleas will determine that Rita Drive is a public road by operation of Section 2307, which is not an exercise of eminent domain power. In either scenario, there will be no need for the appointment of a board of viewers. Further, there is a risk of inconsistent decisions between this action and the Declaratory Judgment Action, and it is a waste of judicial resources to adjudicate both matters at the same time.

Landowners reply that common pleas properly overruled this PO given the limited nature of POs under the Eminent Domain Code, arguing as follows. The Eminent Domain Code is the exclusive law under which this action should be litigated and it contains its own bases for POs; therefore, the Pennsylvania Rules of Civil Procedure do not apply. Pursuant to the Eminent Domain Code, POs in response to a petition for an appointment of viewers alleging a de facto taking are limited in scope to the validity of the condemnation, jurisdiction, the form of the petition, the legal sufficiency of the petition, or the factual basis of the petition. Thus, common pleas properly overruled this PO, as pendency of a prior action is not a basis for objection under the Eminent Domain Code. Even if this Court considers the PO based on pendency of a prior action, the Township is incorrect that the same rights are asserted and the same relief is sought in both actions. Rather, through the Declaratory Judgment Action, the Township seeks a declaration that Rita Drive is a 33-foot public road. In contrast, Landowners seek through the Petition just compensation for an alleged de facto taking. Therefore, common pleas properly overruled the Township's PO.

8

The role of preliminary objections filed pursuant to the Eminent Domain Code "is not precisely that of preliminary objections as prescribed by the Pennsylvania Rules of Civil Procedure in actions covered by those rules." *Hall v. Middletown Twp. Del. Cty. Sewer Auth.*, 461 A.2d 899, 901 (Pa. Cmwlth. 1983) (citation omitted). Accordingly, pursuant to Section 504(d)(2) of the Eminent Domain Code, 26 Pa. C.S. § 504(d)(2), preliminary objections to a petition to the appointment of a board of viewers are limited. Specifically, the Eminent Domain Code provides:

> (2) Objections to the form of the petition or the appointment or the qualifications of the viewers in any proceeding or to the legal sufficiency or factual basis of a petition filed under section 502(c) (relating to petition for appointment of viewers) are waived unless included in preliminary objections.

*Id.* Pendency of a prior action is not an enumerated basis for preliminary objections under the Eminent Domain Code, as it is under Pennsylvania Rule of Civil Procedure 1028(a)(6), Pa.R.C.P. No. 1028(a)(6). Therefore, we agree with Landowners and common pleas that this PO was not a proper response to the Petition under the Eminent Domain Code.

Moreover, we agree with Landowners that the parties do not assert the same rights or seek the same relief in the Declaratory Judgment Action. In the Declaratory Judgment Action, the Township seeks a declaration that, pursuant to Section 2307 of The Second Class Township Code, Rita Drive is a public road. In the Petition, Landowners assert that the Township has de facto exercised its power of eminent domain with regard to Rita Drive and seek just compensation for that taking. Further, a declaration that Rita Drive is a public road by operation of Section 2307 does not necessarily preclude relief under the Eminent Domain Code,

9

as this Court observed in *Einhaus v. Fawn Township* (Pa. Cmwlth., No. 642 C.D. 2015, filed June 9, 2016).[8]  There, the township and landowners disputed the width of a road, prompting the landowners to file a complaint in equity against the township for trespass.  After a non-jury trial, the trial court concluded that the township had a 33-foot right-of-way on the road pursuant to Section 2307.

On appeal, we observed "neither [The Second Class Township C]ode as a whole nor Section 2307 in particular exists in isolation" because "[a] township's right to private lands, whether by statute or otherwise, exists within the framework of the Pennsylvania and United States Constitutions, which require payment of just compensation in order for a government entity to acquire private land." *Einhaus*, slip op. at 5 (footnote omitted).  We disagreed with the township's argument otherwise, noting that the General Assembly could not "take private land by legislative fiat" through legislation establishing the width of public roads.  *Id.* Section 2307 mandates a second class township's duty "to provide a 33[-]foot right[-]of[-]way for the public traveling on public roads," and provides the necessary authority for that duty, we explained, but it did "not extinguish the rights of private landowners."  *Id.* at 6.  Therefore, we affirmed the trial court's conclusion that the township's actions were not trespass and the road was public pursuant to Section 2307, but cautioned that nothing in our opinion or the trial court's order "disposes of the issue of whether the [t]ownship's actions constitute a de facto condemnation or bars [the landowners] from pursuing a remedy under the Eminent Domain Code."  *Id.* at 7.  *See also Schnarrs v. Rush Twp. Bd. of*

---

[8] *Einhaus*, an unreported opinion of this Court, is cited for its persuasive value in accordance with Pennsylvania Rule of Appellate Procedure 126, Pa.R.A.P. 126, and Section 414(a) of our Internal Operating Procedures, 210 Pa. Code § 69.414(a).

10

*Supervisors*, 210 A.3d 1161, 1176 n.9 (Pa. Cmwlth. 2019) (citing *Einhaus* and noting that although a township acquired land by prescriptive easement, the landowners were not foreclosed from pursuing a remedy under the Eminent Domain Code).

We are persuaded by our rationale in *Einhaus*. A declaration under Section 2307 that Rita Drive is a public road does not preclude Landowners from asserting a de facto taking for whatever portions of that public road they believe were taken by the Township. If common pleas ultimately determines that there was a de facto taking, Landowners are entitled to just compensation, regardless of whether the taking occurred by operation of statute or otherwise. Therefore, the Declaratory Judgment Action is not a bar to Landowners' ability to pursue an action under the Eminent Domain Code. Accordingly, we affirm common pleas' Order to the extent that it overruled the Township's PO for pendency of a prior action.

> B. *Whether common pleas erred in overruling the PO that Landowners failed to state a claim for a de facto taking without conducting an evidentiary hearing.*

The Township contends that common pleas erred in overruling the PO that Landowners failed to state a claim, arguing as follows. Pursuant to Section 2307, Rita Drive is a public road and declaring it as such is not an exercise of eminent domain power but rather ownership acquired through statutory prescription. Section 2307 is the mechanism by which "Rita Drive's preexisting status as a public road may be confirmed," rather than a procedure through which "private property is condemned for the purpose of creating a heretofore non-existent public road." (Township's Brief (Br.) at 12.) Even if a declaration pursuant to Section 2307 that Rita Drive is a public road is construed as an exercise of eminent domain power, Landowners did not allege fee simple ownership of the land upon which

11

Rita Drive is situated, which is a prerequisite under the Eminent Domain Code. Although Landowners assert that, by invoking Section 2307, the Township has increased the width of Rita Drive, Landowners do not allege in the Petition which portions of this expanded Rita Drive over which they claim ownership. Finally, common pleas erred in overruling the Township's POs without first holding an evidentiary hearing to determine whether a de facto taking occurred, a requirement that common pleas recognized in its Rule 1925(a) opinion. A court cannot find a de facto taking has occurred without first conducting an evidentiary hearing. Although common pleas determined the averments in the Petition were sufficient to state a claim for a de facto taking, the Township has "consistently disputed" that there was a taking at all. (*Id.* at 16.) Therefore, the Township asserts that common pleas should have sustained the POs and dismissed the Petition or conducted a hearing. The Township asks us to reverse or, at the least, to remand for common pleas to conduct an evidentiary hearing to determine whether a de facto taking has occurred.

Landowners reply that their Petition is legally sufficient to state a claim for a de facto taking for the following reasons. Landowners described at length in the Petition the land in which they possess fee simple ownership, including the deed books in which those interests are recorded. Therefore, Landowners complied with the Eminent Domain Code's requirement that a petition for an appointment of viewers contain "[a] brief description of the property acquired," 26 Pa. C.S. § 502(a)(5). Moreover, the Township filed its Declaratory Judgment Action against Landowners and included therein the same information for the recorded deeds and tax parcel numbers for Landowners' property interests relating to Rita Drive and, therefore, any perceived inadequacy in the description in the Petition is

12

the fault of the Township. Further, establishing and maintaining a public road under Section 2307 falls within the Township's eminent domain power. Regardless of whether the Township's rights to Rita Drive are determined by statutory prescription or condemnation, they are subject to the just compensation requirements of the Pennsylvania and United States Constitutions. In addition, the Township did not raise before common pleas any issues of fact or request an evidentiary hearing until it filed its Rule 1925(b) Statement and, therefore, it is waived. Moreover, the facts averred in the Petition are the facts as set forth by the Township in its verified Complaint in the Declaratory Judgment Action; therefore, there can be no factual dispute as to the Petition. Moreover, it is in common pleas' discretion to decide whether any issues of fact were raised to necessitate an evidentiary hearing. Because the Township did not assert that there were issues of fact in the Petition or request an evidentiary hearing, there were no facts before common pleas to decide; thus, an evidentiary hearing was not needed, regardless of common pleas' representation to the contrary in its Rule 1925(a) opinion.

The Township replies that it raised clear issues of fact that necessitated an evidentiary hearing. Common pleas acknowledged as much in its Rule 1925(a) opinion. The Township further argues it established in its POs that it has a fundamental factual disagreement regarding the Petition – namely whether Rita Drive is and has been a public road for decades. Because there are disputed facts as to the nature and duration of the use of Rita Drive, the Township contends that it was reversible error for common pleas to rule upon the POs without an evidentiary hearing. The Township reiterates that Section 2307 is not an exercise of eminent domain power.

13

As set forth above, we do not agree with the Township that the operation of Section 2307 is not an exercise of its eminent domain power. However, Landowners do not automatically state a claim for a de facto taking on the face of the Petition solely because Rita Drive may be declared a public road pursuant to Section 2307. The Township asserts that Landowners have not sufficiently averred their ownership interests and, moreover, the Petition raises issues of fact, which common pleas should have resolved in a hearing before ruling on the POs and appointing a board of viewers. We agree.

When a petition for a de facto taking is filed, the common pleas court must determine the legal question of whether a de facto taking has actually occurred before it can appoint a board of viewers. *Millcreek Township v. N.E.A. Cross Co.*, 620 A.2d 558, 560 (Pa. Cmwlth. 1993). If POs are filed to a petition alleging a de facto taking, the court must resolve them first. "If an issue of fact is raised" by POs filed to a petition alleging a de facto taking, "the court **shall** conduct an evidentiary hearing or order that evidence be taken by deposition or otherwise . . . ." 26 Pa. C.S. § 504(d)(5) (emphasis added). This is in contrast to the review of POs under the Rules of Civil Procedure, where the court accepts all well-pleaded facts as true to test the legal sufficiency of a complaint. *William Penn Sch. Dist. v. Pa. Dep't of Educ.*, 170 A.3d 414, 434-35 (Pa. 2017). As this Court has explained, the Eminent Domain Code

> has established a special role for preliminary objection proceedings in an eminent domain case, in that they are to provide a vehicle by which the common pleas court can resolve all legal and factual questions of entitlement at the outset, with an evidentiary hearing if necessary, before appointing the viewers and assigning them to their work of quantifying an award.

14

*Dep't of Transp. v. Berk*, 611 A.2d 349, 351 (Pa. Cmwlth. 1992) (quoting *Carroll Township v. Jones*, 481 A.2d 1260, 1261 (Pa. Cmwlth. 1984)). Therefore, if the POs "raise an issue of fact, the resolution of which is necessary for determining whether a de facto taking has occurred, the court must hold an evidentiary hearing." *Millcreek*, 620 A.2d at 560. Only if no issues of fact are raised by the POs may the court examine the petition on its face to determine whether the averments are sufficient to conclusively establish a de facto taking. *Id.* at 560-61.

We examined this distinction between POs under the Rules of Civil Procedure and POs in an eminent domain proceeding in *Department of Transportation v. Mano*, 613 A.2d 119. There, the landowners filed a petition for appointment of a board of viewers, asserting a de facto taking as a result of the Department of Transportation's (DOT) construction project, which the landowners alleged interfered with access to their business and resulted in substantial loss of business. After the landowners filed an amended petition in response to the initial POs, DOT filed POs again asserting that the landowners failed to plead their property interest with specificity. The trial court overruled the POs on the basis that the "[l]andowners had alleged sufficient facts to state a cause of action for a de facto taking and a trial to ascertain the facts would be required." *Id.* at 121. On appeal, we emphasized that POs are the "exclusive method" for raising factual and legal objections to a petition for appointment of a board of viewers, the resolution of which could necessitate a factual hearing to determine if a de facto taking has occurred. Reasoning "[i]nasmuch as the trial court recognized that [the l]andowners' . . . petition . . . contained averments which, if taken as true, might establish a de facto taking," we concluded the trial court should not have overruled the POs "without first taking evidence by hearing, deposition, or other manner and

making a judicial determination as to whether or not a de facto taking had occurred based on the evidence obtained." *Id.* at 122. Therefore, we vacated the trial court's order and remanded for an evidentiary hearing and "resolution of the de facto taking issue." *Id.*

Here, common pleas, in overruling the Township's POs in the nature of a demurrer for legal sufficiency of the Petition, "agree[d] with [Landowners'] position that averments of the Petition [we]re sufficient to state a cause of action for a de[]facto taking." (Order ¶ 2 (emphasis omitted).) In its Rule 1925(a) opinion, common pleas explained that Landowners' "averments were sufficient to state a cause of action for a de facto taking," while also recognizing "a hearing is necessary so a judicial determination of whether a taking actually occurred can be made." (Rule 1925(a) Opinion at 1-2 (emphasis omitted).) While common pleas determined that Landowners' Petition "contained averments which, if taken as true, might establish a de facto taking of Landowners' property, [common pleas] should not have overruled" the POs "without first taking evidence by hearing, deposition, or other manner and making a judicial determination as to whether or not a de facto taking has occurred based on the evidence obtained." *Mano*, 613 A.2d at 122.

Landowners assert that the facts averred in the Petition are the same as those averred by the Township in the Declaratory Judgment Action complaint and, therefore, there are no facts in dispute. However, our review of the Petition, particularly when compared to the Township's complaint in the Declaratory Judgment Action, which was attached to the Township's POs, demonstrates the issues of fact surrounding the alleged taking of Rita Drive. Although Landowners set forth in their Petition descriptions of the land that they own in relation to Rita

16

Drive, nearly identically to how that land is described in the Declaratory Judgment Complaint, (Petition ¶¶ 1, 6, 9; Declaratory Judgment Action Compl. ¶¶ 3, 7, 10), Landowners and the Township disagree as to when and even if Rita Drive was taken by the Township at all. The Township avers in its Declaratory Judgment Action, which was attached to its POs before common pleas, that "Rita Drive[] has been continuously used for public travel **in excess of 21 years**." (Declaratory Judgment Action Compl. ¶ 16 (emphasis added).) The Township provides "a non-exhaustive packet of Township meeting minutes dating back to 1996," and recounts a relevant portion thereof, asserting that the Township's maintenance of Rita Drive has been ongoing for at least 21 years. (*Id.* ¶¶ 21, 22.) In support of its preliminary objections and on appeal to this Court, the Township continues to argue that, although Section 2307 requires at least 21 years of continued maintenance, the Township has maintained Rita Drive for more than 21 years and Rita Drive has **always** been public. (R.R. at 72a; Township's Reply Br. at 6.)

In contrast, Landowners allege that the Township's actions in maintaining the road beginning in 1996 and/or its filing of the Declaratory Judgment Action are an exercise of eminent domain power to take property that Landowners believe they own. Landowners allege that maintenance done by the Township to Rita Drive in 1996 was without Landowners' consent and amounts to a taking without just compensation, regardless of whether Rita Drive is ultimately declared public. However, the Township contends that it has continuously maintained Rita Drive for more than 21 years, a fact discoverable by Landowners, and, accordingly, that the Township has not exercised its eminent domain power at any time. Landowners do not aver any facts addressing the Township's continued maintenance of Rita Drive alleged by the Township in its Declaratory Judgment

17

Action. Given these factual disputes that existed at the time common pleas issued its Order, common pleas erred in not holding an evidentiary hearing to resolve these disputes and "so a judicial determination of whether a taking actually occurred can be made," (Rule 1925(a) Opinion at 1-2).[9]

Finally, although Landowners argue the Township waived its argument for an evidentiary hearing because it did not raise it until its Rule 1925(b) statement, the Township was not required to request an evidentiary hearing upon filing POs. The Township raised issues of fact in its POs by asserting legal insufficiency of the Petition and attaching the Declaratory Judgment Action complaint thereto. This raised sufficient issues of fact as to whether a de facto taking had occurred, which triggered the need to have a hearing and receive evidence on this issue. Because it was common pleas' obligation to schedule a hearing given the issues of fact, the Township was not required to ask for one. Further, because the Township did not know common pleas was not going to hold an evidentiary hearing until common pleas issued its Order overruling the POs, the Township raised the issue at its first opportunity when it filed its Rule 1925(b) statement. Accordingly, common pleas committed an error of law when it appointed a board of viewers and overruled this

---

[9] When common pleas issued its opinion and order in the Declaratory Judgment Action in December 2019, it explained that Landowners took the position at trial that "they did not oppose the petition to declare a portion of Rita Drive to be public." (December 3, 2019 Opinion and Order at 2 (emphasis omitted).) Common pleas further reasoned "[t]he evidence was overwhelming that the Township **regularly maintained** the road to the end of the paved road." (*Id.* (emphasis added).) As we concluded above, the Township's success on the Declaratory Judgment Action does not necessarily foreclose relief under the Eminent Domain Code for Landowners. We also acknowledge that common pleas was without the benefit of the opinion and order in the Declaratory Judgment Action at the time it issued the Order in the present case and note only that the subsequent Declaratory Judgment Action decision further highlights the remaining factual disputes between the parties as to the ownership of Rita Drive for purposes of the Petition.

PO without first holding an evidentiary hearing. Therefore, we vacate common pleas' Order on this point and remand for a factual hearing to determine whether a de facto taking occurred.

*C. Whether common pleas erred in overruling the PO that Landowners' Petition is barred by the statute of limitations.*

The Township asserts that common pleas erred by overruling its PO that Landowners' Petition was barred by the statute of limitations, arguing as follows. Section 5527(a)(2) of the Judicial Code, 42 Pa. C.S. § 5527(a)(2), mandates that a petition for a taking must be filed within six years from the date of the alleged taking. Landowners assert that the Township first entered on Rita Drive and paved it on or about July 8, 1996, and again entered on or around June 2002 to sealcoat it. The actions of paving and sealcoating were open and should have put Landowners on notice that the Township believed Rita Drive was a public road that it was required to maintain. Therefore, even under Landowners' assertions, the taking was reasonably discoverable on July 8, 1996, and the Petition should have been filed on or before July 8, 2002, which would be six years after Landowners allege the taking occurred. Common pleas' determination that the statute of limitations began to run in June 2017 when the Township filed the Declaratory Judgment Action is not supported by the record, as Landowners allege in the Petition that there has been no formal action by the Township to dedicate Rita Drive as a public road. Further, the Township's filing of the Declaratory Judgment Action should not be construed as the date of the taking, as the Township's Declaratory Judgment Action was only to confirm by operation of statute that Rita Drive has always been a public road. The Township also argues that Rita Road has always been a public road, and so contests that 1996 is the earliest date action was taken; therefore, there

19

is at least a factual disagreement as to whether the action is barred by the statute of limitations.

Landowners reply that its action is not barred by the statute of limitations, arguing as follows. If, as the Township asserts in its Declaratory Judgment Action, it took action with regard to Rita Drive in 1996, then Rita Drive could not have become a public road under Section 2307 until 21 years later, which would occur in 2017. That is when the six-year statute would begin to run, and which would not expire until 2023. Because Landowners' Petition was filed in 2018, it was within the six-year statute of limitations. Moreover, Landowners "do not admit that their Petition is based on the [Township's] taking beginning on or about July 8, 1996," but instead assert that it is in response to the allegations in the Township's Declaratory Judgment Action. (Landowners' Br. at 33.)

Section 5527(a)(2) of the Judicial Code provides "a petition for the appointment of viewers for the assessment of damages under 26 Pa.[] C.S. must be filed within six years from the date on which the asserted taking, injury or destruction of the property occurred or could reasonably have been discovered by the condemnee." 42 Pa. C.S. § 5527(a)(2). The Township argues that the six-year statute should begin running at least in 1996, when the Landowners by their own allegations assert that the Township took actions to maintain and repair Rita Drive. Section 2307(a) provides that roads become public so long as they are "maintained and kept in repair by the township for a period of **at least twenty-one years**." 53 P.S. § 67307(a) (emphasis added). Thus, where land becomes public by operation of Section 2307, the statute of limitations cannot begin to run at the first action of maintaining or repairing a road. The road does not become public at the

20

Township's first action of maintaining or repairing a road; it must do so for 21 years.

As set forth above, factual disputes remain as to whether a taking occurred and the extent thereof. Because an evidentiary hearing is needed in order to determine whether there was a taking, it is not clear at this point "the date on which the asserted taking, injury or destruction of the property occurred or could reasonably have been discovered by the condemnee." 42 Pa. C.S. § 5527(a)(2). Additionally, when a court is faced with the question of when a party reasonably could have discovered the injury, it is a factual determination that should be made by the trial court. *See O'Kelly v. Dawson*, 62 A.3d 414, 419 (Pa. Super. 2013).[10] The burden for demonstrating when a party reasonably should have discovered an injury rests with the party asserting the statute of limitations defense. *See Wilson v. El-Daief*, 964 A.2d 354, 362 (Pa. 2009). If common pleas determines there was a taking, common pleas should also determine the applicability of the statute of limitations defense. Accordingly, we vacate the Order to the extent that it overruled the Township's PO premised on the statute of limitations, and we remand for common pleas to determine in its evidentiary hearing when the statute of limitations began to run and to what extent it bars any of Landowners' claims.

## III. Conclusion

The Township's Declaratory Judgment Action does not foreclose Landowners from seeking relief under the Eminent Domain Code for an alleged

---

[10] While not binding, Superior Court decisions "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

taking. We affirm in part common pleas' Order to the extent that it overrules the Township's PO based on the pendency of a prior action. However, because the Township raised factual disputes in its POs, common pleas should have first conducted an evidentiary hearing before ruling on the other POs. Therefore, we vacate common pleas' Order to the extent that it overruled the Township's POs in the nature of a demurrer for legal insufficiency of the Petition and the statute of limitations and remand for common pleas to hold an evidentiary hearing to determine whether there was a de facto taking and, if so, whether the action is barred by the statute of limitations.[11]

_____

**RENÉE COHN JUBELIRER,** Judge

---

[11] To avoid inconsistent judgments, common pleas, at its own discretion or at the parties' requests, may wish to stay further proceedings in this matter until the Declaratory Judgment Action is finally resolved.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Russell D. Dysert and Karen K. Dysert, husband and wife, and Michael Macklin and Lori Macklin, husband and wife, and Joseph Klick and Jayne A. Klick, husband and wife | : : : : : : | |
| v. | : : | No. 260 C.D. 2019 |
| Robinson Township, Washington County, Appellant | : : : | |

## O R D E R

**NOW**, March 9, 2020, the Order of the Court of Common Pleas of Washington County (common pleas), in the above-captioned matter, is **AFFIRMED** to the extent that it overruled Robinson Township, Washington County's (Township) preliminary objection (PO) on the basis of pendency of a prior action. To the extent that common pleas overruled the Township's POs in the nature of a demurrer on the basis of legal insufficiency and the statute of limitations, common pleas' Order is **VACATED**, and this matter is **REMANDED** for common pleas to conduct an evidentiary hearing to determine whether a de facto taking occurred and, if so, whether the action is barred by the statute of limitations.

_____
**RENÉE COHN JUBELIRER**, Judge